**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | |
|---|---|
| BENEFIT TRUST COMPANY<br>5901 College Blvd, Suite 100<br>Overland Park, Kansas, 66211<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WEEKS RETIREMENT SOLUTIONS, LLC<br>Serve Registered Agent at:<br>Clark H. Weeks<br>230 Trimble Crest Drive<br>Atlanta, Georgia 30342<br><br>CLARK H. WEEKS<br>Serve at:<br>230 Trimble Crest Drive<br>Atlanta, Georgia 30342<br><br>DEMPSEY LORD SMITH, LLC<br>Serve Registered Agent at:<br>Jerry E. Dempsey, Jr.<br>901 N. Broad Street, Suite 400<br>Rome, Georgia 30361<br><br>　　　　Defendants. | Case No. 2:20-cv-02356 |

## **COMPLAINT**

Plaintiff Benefit Trust Company ("BTC"), by and through its attorneys, for its Petition against Weeks Retirement Solutions, LLC ("WRS"), Clark H. Weeks ("Weeks"), and Dempsey Lord Smith, LLC ("Dempsey") (collectively, "Defendants"), states and alleges the following:

## PARTIES

1. Benefit Trust Company is a Kansas corporation that is active and in good standing and registered to do business in the State of Kansas, with its principal place of business at 5901 College Blvd, Suite 100, Overland Park, Kansas, 66211. BTC is therefore a citizen of the State of Kansas.

2. Weeks Retirement Solutions, LLC, is a Georgia limited liability company that is active and in good standing, with its principal office address of 3522 Ashford Dunwoody Rd, #188, Atlanta, Georgia 30319. WRS has no office in the State of Kansas and upon information and belief no member of WRS is a citizen or resident of the State of Kansas. Upon information and belief, WRS's members are citizens of the State of Georgia or a state other than the State of Kansas.

3. Clark H. Weeks is WRS's registered agent and may be served in that capacity at 230 Trimble Crest Drive, Atlanta, Georgia 30342. Weeks, as a member or manager of WRS, is a Registered Investment Adviser operating as/serving as Principal of WRS. Weeks is a citizen of the State of Georgia.

4. Alternatively, acting in his individual capacity and any capacity with WRS, Weeks serves as an authorized broker affiliated with Dempsey.

5. Dempsey Lord Smith, LLC, is a Georgia limited liability company that is active and in good standing, with its principal office address of 901 N. Broad Street, Suite 400, Rome, Georgia 30161. Jerry E. Dempsey, Jr. is Dempsey's registered agent and may be served at 901 N. Broad Street, Suite 400, Rome, Georgia 30161.

6. Dempsey is a broker-dealer firm with which WRS and Weeks are registered to provide Investment Adviser and Broker services. Dempsey has no office in the State

of Kansas and upon information and belief no member of Dempsey is a citizen or resident of the State of Kansas. Upon information and belief, Dempsey's members are citizens of the State of Georgia or a state other than the State of Kansas.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1332(a).

8. As described above, there is complete diversity among the parties to the action as of the date of this filing.

9. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendants because Defendants are transacting business in this District, caused to persons in this District an injury, or otherwise have sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible.

11. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

12. BTC offers trust, custody, and fiduciary services to corporations, institutions and executives.

13. Weeks, in his capacity with WRS, Dempsy and prior work, has engaged BTC for custody services for more than a decade.

14. In 2014, Weeks and WRS began work with Dempsey as an adviser and together, Weeks, WRS, and Dempsey continued use of BTC as a custodian of multiple client accounts.

15. One such client account for which Weeks serves as an Investment Adviser is the Peachtree City Defined Benefit Pension Plan.

16. BTC serves as a custodian for the Peachtree City Defined Benefit Pension Plan, and regularly carries out Defendants' investment instructions for the Peachtree City Defined Benefit Pension Plan.

17. Additionally, Defendants serve as Investment Advisers to at least four additional investment clients for which BTC provides custody services.

18. Defendants have communicated with BTC hundreds of times at its Kansas business address through Weeks' WRS email account to provide investment instructions for his clients.

19. As to the Peachtree City Defined Benefit Pension Plan, BTC is a fully directed custodian, exercising no discretion as to any trade, act or transaction. Per a specific directive from Peachtree City, Weeks through WRS and DLS has complete authority to direct BTC's acts as custodian. Therefore, BTC relies upon defendants' specific directions to invest, transfer or otherwise deal with the Peachtree City Defined Benefit Pension Plan funds and assets.

20. BTC does not transfer, exchange or invest funds held in custody for Peachtree City Defined Benefit Pension Plan unless directed to do so by Defendants.

## THE DOCUMENTS AND EMAIL DIRECTING INVESTMENT

21. On or about June 10, 2020, Weeks sent to BTC an email with attached documents in the form Weeks ordinarily used and uses directing it to liquidate certain Peachtree City Defined Benefit Pension Plan investment assets and thereafter and transfer, the proceeds, $900,000.00, into an asset called Carter Multifamily II.

22. On or about June 11, 2020, BTC attempted to process a wire transfer per Weeks' instructions, but the wire was rejected.

23. BTC notified Weeks of the rejected wire by email, and Weeks responded with new wire instructions via email.

24. Weeks' new wire instructions directed BTC to liquidate Peachtree City Defined Benefit Pension Plan's investment positions in the John Hancock Strategic Income Opp and John Hancock Bond Fund, and wire the proceeds, $900,000, to an account specified by Weeks for investment in an asset called Carter Multifamily II.

25. Weeks' actual form documents directing transfers of funds were attached to the new email directing investment into the Carter Multifamily II.

26. On June 12, 2020, in reliance on the Weeks documents attached to the email, the wire transfer was initiated by BTC from its office in Overland Park, Kansas via its depository bank State Street Bank (State Street).

27. On June 15, 2020, BTC learned that Weeks claimed he did not send the directive to liquidate Peachtree City Defined Benefit Pension Plan's investment positions in the John Hancock Strategic Income Opp and John Hancock Bond Fund, and wire the proceeds, $900,000, to the account specified by Weeks for investment in an asset called Carter Multifamily II.

28. Upon information and belief, and unbeknownst to BTC, a hacker, unauthorized employee or otherwise enabled person ("enabled person") obtained access to Weeks', WRS's or Dempsey's computer, attached Week's actual transfer directive forms and issued the email to BTC directing the investment into the Carter Multifamily II.

29. Upon discovery that Weeks denied authorizing the transfer, BTC immediately communicated with its depository bank, State Street Bank and Trust Company ("State Street"), and requested State Street attempt to withdraw or recall the wire transfer.

30. Upon further investigation, BTC discovered that the wired funds were initially transferred to an allegedly legitimate financial account belonging to IPS Legal Group P.A., a law firm in Miami, Florida that is not associated with BTC or the Peachtree City Defined Benefit Pension Plan.

31. Subsequently, BTC learned the wired funds were held or transferred from IPS Legal Group P.A.'s account to banking accounts at two or more financial institutions.

32. As custodian of the account subject to Defendants' investment directions, to protect its client's interests and those of its retirement plan beneficiaries, BTC transferred from its treasury account to the custody account for the Peachtree City Defined Benefit Pension Plan, BTC funds in the amount of $900,000.00.

33. BTC has recovered possession of approximately $621,025 of the transferred funds, but it has been unable to recover possession of the remaining $278,975.00 transferred pursuant to Weeks' directive.

34. BTC has sustained damages in the form of lost investment income related to the unrecovered wire transfer funds, and continues to lose interest accruing on a daily basis.

35. BTC has sustained consequential damages as a result of its costs incurred in recovering those funds recovered, its investigation and expenditure of attorney's fees in relation to investigation regarding the unauthorized wire transfer and recoupment of funds.

### COUNT I – NEGLIGENCE (Against All Defendants)

36. BTC re-alleges and incorporates by reference each and every allegation made in Paragraphs numbered 1 through 31 above as if fully set forth herein.

37. Given the parties' business relationship, their prior course of dealing, the implied duties of care and good faith imposed by Kansas law and/or arising out of circumstances surrounding or attending to the transaction at issue, Defendants owed a duty to BTC and Peachtree to send secure, accurate investment directions to BTC regarding the Peachtree City Direct Benefit Pension Fund.

38. Defendants breached this duty by failing to use reasonable care in monitoring, protecting, and securing their transfer directive forms, email system and/or computer systems.

39. Defendants failed to employ the degree of skill, diligence, knowledge, and attention to detail that BTC had reason to expect from an investment adviser providing it with investment instructions.

40. As a direct and proximate result of Defendants' negligence, BTC has suffered damages from the loss of the unrecovered funds and investment income on

7

those funds, as well as interest and the consequential damages resulting from defendants' negligence.

WHEREFORE, the Plaintiff, Benefit Trust Company prays that the Court enter judgment in its favor and against the Defendants Weeks Retirement Solutions, LLC, Clark H. Weeks, and Dempsey Lord Smith, LLC for damages in an amount to be determined at trial, pre- and post-judgment interest as allowed by law, its costs, and any such other and further relief it deems just and proper.

### COUNT II – NEGLIGENT MISREPRESENTATION (Against All Defendants)

41. BTC re-alleges and incorporates by reference each and every allegation made in Paragraphs numbered 1 through 34above as if fully set forth herein.

42. Defendants, in the course of their business, supplied false directions, transfer directive forms and information for the guidance of BTC and Peachtree in their business transactions, and are liable for damages caused by BTC's reasonable reliance upon the false information.

43. Defendants, in supplying the false information, failed to exercise reasonable care or competence in obtaining or communicating the false information.

44. BTC and Peachtree relied upon the information and were the persons for whose benefit and guidance the information is supplied.

45. The damages were suffered in a transaction that Defendants, in supplying the information, intended to influence.

WHEREFORE, the Plaintiff, Benefit Trust Company prays that the Court enter judgment in its favor and against the Defendants Weeks Retirement Solutions, LLC, Clark H. Weeks, and Dempsey Lord Smith, LLC for damages in an amount to be determined at

trial, pre- and post-judgment interest as allowed by law, its costs, and any such other and further relief it deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable in the above-captioned matter.

## DESIGNATION OF PLACE OF TRIAL

Defendant states that the place of trial shall be at the United States District Courthouse in Kansas City, Kansas.

Dated: July 20, 2020        LATHROP GPM LLP

By:  /s/ *Richard N. Bien*
Richard N. Bien (D. Kan. 70101)
Tedrick A. Housh III (KS #15414)
Reid K. Day (KS #28319)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
richard.bien@lathropgpm.com
tedrick.housh@lathropgpm.com
reid.day@lathropgpm.com

ATTORNEYS FOR PLAINTIFF